IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANNY MAC EASTERLY | ) | |
| | ) | |
| v. | ) | 3-08-CV-1635-N |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. §§ 2241 and 2254.

**Parties**: Petitioner is an inmate confined at the Seagovia Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) at Edinburg, Texas, serving felony convictions imposed in the 292nd District Court of Dallas County, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Easterly does not collaterally attack the sentences imposed by a state court in Dallas County, Texas. Rather his petition attacks the result of a disciplinary hearing held on April 9, 2008, at the Kyle Unit of the Texas Department of Criminal Justice in Kyle, Texas, in Disciplinary Case 20080206300 in which he was found guilty of a violation of the Texas Prison Disciplinary Rules. He exhausted the two-step grievance procedures which applies to Texas

prisoners prior to filing the present petition. In response to the petition and this court's show cause order Quarterman filed his answer together with copies of the disciplinary proceedings including a tape recording of the disciplinary hearing itself. In his answer Respondent alleges *inter alia* that Easterly has failed to fully exhaust the grounds for relief asserted in his petition.

**Findings and Conclusions**: The record of the disciplinary proceeding at issue is unprecedented in the experience of the magistrate judge. The hearing recording contains the testimony of Petitioner in which he claimed that his only words to the complainant, Angela Borgfeld, at the time in issue was to the effect that Ms. Borgfeld was not doing her job when two inmates got into an altercation which threatened to escalate into physical violence. An officer who arrived on the scene shortly thereafter testified that the only remarks he heard from Easterly directed to Ms. Borgfeld was that he didn't think that she was doing her job. Petitioner also presented the testimony of two eyewitness inmates who corroborated his testimony, one of whom testified that Borgfeld threatened to get anyone who complained about her. In addition he submitted handwritten statements from 22 other inmates who represented that each had been an eyewitness to the interchanges between Petitioner and the prison staff person. *See* Disciplinary Hearing Records at 13-32.[1] Ms. Borgfeld testified that Easterly made the statement to her "You better watch out, I'll be watching you."

Notwithstanding the less than unambiguous statement attributed to Petitioner the hearing officer found that he had made a physical threat against the prison staff person. Easterly filed a Step 1 grievance. On May 10, 2008, Warden Shirley denied the appeal concluding that there was enough

---

[1]Not only is it unusual to see such a large number of submitted statements, but it is noteworthy that each is an individualized recollection rather than a *verbatim* reiteration of the other inmate statements.

evidence to support a guilty verdict. *See* Disciplinary Grievance Records at 3. His Step 2 grievance was also rejected on July 11, 2008, upon a finding that the guilty verdict was supported by a preponderance of the evidence.

The record is such as to make one wonder how the hearing officer arrived at making the implicit credibility choices necessary to conclude and find that Easterly threatened Ms. Borgfeld. Likewise it is less than clear that the statement which the hearing officer found that Petitioner made, to wit: "You better watch it, I'll be watching you," constitutes a threat to inflict harm on the prison staff person, Ms. Borgfeld.[2]

However, resolution of these issues is unnecessary in light of the punishment assessed. None of the sanctions imposed involves a deprivation of a protected liberty interest. Specifically losses of recreation days, commissary and property restrictions do not raise due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (commissary and cell restrictions do not impose a significant or atypical hardship on an inmate in relation to the ordinary incidents of prison life).

Petitioner also suggests that the fact that he was found guilty of violating a disciplinary rule has had an adverse affect on his parole review, but the fact that the Texas law does not create a constitutional expectancy in parole because it is entirely a matter of speculation as to when and if a prisoner will be released on parole forecloses any basis for federal habeas relief on such a claim.

---

[2]While there are substantive distinctions between the disciplinary hearing considered in *Williams v. Quarterman*, 2009 WL 186022 (N.D. Tex. 2009) and Easterly's hearing on April 9, 2008, there are significant parallels between the two - *e.g.* the perfunctory fashion in which the hearings were conducted, the poor quality of the audio record and the quality and quantity of the evidence presented -which cast suspicion on the fairness and impartiality of prison disciplinary proceedings. However, no general conclusions can or should be drawn from these two separate proceedings.

*See Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000).[3]

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court find that the petition fails to raise a cognizable claim for federal habeas corpus relief and accordingly deny and dismiss the petition.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 6th day of March, 2009.

                                                WM. F. SANDERSON, JR.
                                                UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[3] In his answer Respondent claims that Easterly has not fully exhausted the claims asserted in his petition. This assertion need not be addressed since the law clearly permits a federal court to deny relief on unexhausted grounds. § 2254(b)(2).